# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. WILLIAM ROY GRAY

### Appeal from the Circuit Court for Madison County
### No. 01-513    Donald H. Allen, Judge

---

### No. W2002-00460-CCA-R3-CD  - Filed October 14, 2002

---

Following a bench trial, the Defendant, William Roy Gray, was found guilty of possession of drug paraphernalia, a class A misdemeanor, and resisting arrest, a class B misdemeanor. He received consecutive sentences of eleven months and twenty-nine days and six months, respectively, to be served in jail. However, approximately two months later, the trial court entered an order allowing the Defendant to serve his sentences at home due to the Defendant's poor health. The court revoked this order based on the Defendant failing to comply with the conditions of his release from jail and the Defendant being arrested for theft. Moreover, the court ordered that the Defendant not be given credit for the portion of his sentences that he served at his home. In this appeal as of right, the Defendant argues that the order of the trial court denying him credit for the time he served outside of jail serves to increase his sentence and to effectively punish him twice for the same offense in violation of the double jeopardy clauses of the United States and Tennessee Constitutions. We disagree and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Vanessa D. King, Assistant Public Defender, Jackson, Tennessee, for the appellant, William Roy Gray.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a bench trial on October 4, 2001, the Defendant was found guilty of possession of drug paraphernalia, a class A misdemeanor, and resisting arrest, a class B misdemeanor. He was sentenced to eleven months and twenty-nine days and six months, respectively. The trial court ordered the sentences to run consecutively, for an effective sentence of eighteen months to be served in the local jail. On November 30, 2001, the trial court reconsidered its sentencing order in light of the Defendant's health problems.[1] The court ordered the Defendant to serve his sentence at home under the supervision of a Community Corrections officer. The court also ordered the Defendant to wear an ankle monitor and not leave his home except for health-related reasons. On February 5, 2002, the trial court revoked this order, finding that the Defendant violated the terms of his release by failing to ever report to the Community Corrections office, failing to wear an ankle monitor, and subsequently being arrested for theft. The trial court ordered that the Defendant receive credit for time served in jail but not for the period while he was supposed to be serving his sentence at home. The Defendant argues in this appeal as of right that by not crediting him for the time he served at his home, the trial court effectively punished him twice for the same offense in violation of the double jeopardy clauses of the United States and the Tennessee Constitutions.

We note at the outset that there is a discrepancy in the record regarding the Defendant's status while he was allegedly serving his sentence at his home pursuant to the court's order on November 30, 2001. The record is not clear as to whether the Defendant was on probation or in Community Corrections. The difference is not trivial, for a defendant who is serving a sentence on Community Corrections is actually serving his sentence in the community "in lieu of incarceration," while the sentence of a defendant who is on probation is suspended. Compare Tenn. Code Ann. § 40-36-106(e)(1), with Tenn. Code Ann. § 40-35-303(c). Furthermore, a defendant who has his or her Community Corrections sentence revoked is incarcerated to serve the term of his sentence "less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4). On the other hand, a defendant who violates the terms of his or her probation shall have the suspension revoked and his or her original sentence executed. See Tenn. Code Ann. § 40-35-310. Therefore, a defendant who is on probation receives no credit for time served, but a defendant on Community Corrections does.

In its order, the trial court states that the Defendant shall "continue[ ] to serve his sentence at home." There is no mention in the order of the sentence being suspended. A Community Corrections officer was assigned to monitor the Defendant, and the affidavit in support of the arrest warrant for the Defendant states that the Defendant "has violated the conditions of his Community Corrections sentence . . . ." However, prior to the hearing on February 4, 2002, the trial judge stated, "We're here on a probation violation warrant." In his formal order, the trial judge "decreed that the defendant's probation be revoked." When the trial judge issued his ruling from the bench on February 4, 2002, he found "that Mr. Gray has, in fact, violated the terms of his probation or really

---

[1] The record is unclear as to precisely what health problems the Defendant experienced. However, at the revocation hearing, the Defendant testified that he had a colostomy while he was out of jail.

the terms of his sentence in this case." Thus, it is unclear from the record whether the Defendant was on probation or Community Corrections.

However, based on our review of the record, we conclude that the trial court intended to place the Defendant on Community Corrections status. There is no mention of suspending his sentence in the record, the Community Corrections office was given the responsibility of monitoring the Defendant, and the trial judge clearly states in his order on November 30, 2001 that the Defendant was to continue serving his sentence at home. Therefore, we will consider the Defendant's appeal as a challenge to the revocation of his Community Corrections sentence.[2]

The Defendant argues that, by not crediting him with the time that he served in his home, the trial court effectively gave him another sentence, and, in so doing, violated his protection from double jeopardy guaranteed by the United States and Tennessee Constitutions. The double jeopardy clauses of the Fifth Amendment to the United States Constitution and Article I, section 10 of the Tennessee Constitution both protect against a second prosecution for the same offense after conviction, a second prosecution for the same offense after an acquittal, and multiple punishments for the same offense. See State v. Mounce, 859 S.W.2d 319, 321 (Tenn. 1993). Tennessee Code Annotated section 40-36-106(e)(4) states that when a defendant's Community Corrections sentence is revoked, he or she shall receive credit for "any time actually served in any community-based alternative to incarceration." (emphasis added). Therefore, if the Defendant had actually served time in the Community Corrections program, he would be entitled to credit for that time served.

However, the record reflects that the Defendant never actually served any time in the Community Corrections program. Clint Murley, the case officer with the Community Corrections program who was assigned to supervise the Defendant, testified that the Defendant never contacted the Community Corrections office. Mr. Murley tried to contact the Defendant at his mother's address, where he was ordered to serve his sentence. Mr. Murley spoke with three individuals, all of whom said that they had not seen the Defendant and did not know where he was. Furthermore, the Defendant was never fitted with an ankle monitor, which the trial court ordered him to wear while he served his sentence at home. Finally, the Defendant clearly did not remain at home, as he was arrested on January 13, 2002, for shoplifting from a grocery store. The facts demonstrate that the Defendant never began the Community Corrections program and therefore did not actually serve time in a community-based alternative to incarceration pursuant to Tennessee Code Annotated section 40-36-106(e)(4). In an analogous case, a panel of this Court affirmed a trial court's order giving the defendant credit for days successfully served on the Community Corrections program, but not for those days where the defendant was considered in violation status because he had absconded from supervision. See Tray D. Turner v. State, No. 03C01-9902-CR-00088, 1999 Tenn. Crim. App. LEXIS 1219, at *3 (Knoxville, December 1, 1999). While there is no proof in the record that the Defendant in this case "absconded" from supervision, we find that because he failed to begin the Community Corrections program, did not contact its office, did not wear an ankle monitor as ordered

_____

[2]We note that if the Defendant was on probation rather than in community corrections while at home, he would not be entitled to have sentence credits for the time he was "released."

by the trial court, and did not remain at home where he was to serve his sentence, he "actually served" no time in Community Corrections. Therefore, the trial court did not err by denying him credit for the time spent out of jail, and the Defendant was not punished twice for the same offense in violation of the double jeopardy clauses of the United States and Tennessee Constitutions. This issue is without merit.

The Defendant also presents an argument that the action of the trial court in revoking his Community Corrections sentence violated due process. He contends that because he violated a court order, he was entitled to a contempt of court hearing, rather than what the trial court referred to as a probation revocation hearing. However, the action taken by the trial court after the hearing on February 4, 2002, operated to revoke the Defendant's Community Corrections sentence, not to levy additional punishment against him for contempt of court. As we have already discussed, the facts indicate that the trial court ordered the Defendant to serve a sentence on Community Corrections. Although the trial judge casually used the term "probation" when describing the Defendant's status, other factors suggest that he was, in fact, to serve a Community Corrections sentence. When a trial court revokes a Community Corrections sentence, the court has authority to resentence the accused. Tennessee Code Annotated section 40-36-106(e)(4) provides in pertinent part, "The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant . . . ."[3] Before the trial court revoked the Defendant's Community Corrections sentence, it conducted a hearing at which the Defendant was given the opportunity to hear, question, and challenge the circumstances surrounding the alleged violations of his Community Corrections sentence, he was allowed to present evidence on his own behalf, and he had the opportunity to confront and cross-examine the witness who testified against him. The Defendant has failed to show how the hearing held by the trial court denied him the right to due process. Accordingly, this issue is without merit.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[3]We note that in this case, the trial court simply ordered that the Defendant serve the remainder of his sentence in jail; it did not impose a sentence that exceeded the length of the original sentence. Therefore, the trial court was under no duty to conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. See State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); Tenn. Code Ann. §§ 40-35-209(a) and -210(a) through (e).